Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4041 | **DATE** | 7/8/2010 |
| **CASE TITLE** | Paul Smith (B-52357) v. Warden of Stateville, et al. | | |

**DOCKET ENTRY TEXT:**

The Court denies Plaintiff's motion for leave to file *in forma pauperis* [3] is denied without prejudice to reconsideration should he renew his motion in compliance with this order. Plaintiff is given 30 days from the date of this order either to file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) or to pay the full $350 filing fee. If Plaintiff takes no action by that date, the Court will dismiss this action without prejudice. The Clerk is directed to send Plaintiff an *in forma pauperis* application along with a copy of this order.

O [For further details see text below.]     Docketing to mail notices.

## STATEMENT

    The Clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with the rules of this court. N.D. Ill. Local Rule 3.3 requires that persons lodging new lawsuits must either pay the statutory filing fee or file a petition for leave to proceed *in forma pauperis,* using the court's form and signing under penalty of perjury. The form requires inmates to obtain a certificate stating the amount of money they have on deposit in their trust fund account. As explained below, the Prison Litigation Reform Act ("PLRA") also requires inmates to provide a certified copy of their trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the lodging of the complaint. The trust fund officer's certification of Plaintiff's motion does not include the 6-month period immediately proceeding the lodging of the complaint (it is dated March 24, 2010) and does not include a certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the lodging of his complaint. If Plaintiff wants to proceed on his complaint, he must file a new motion for leave to file *in forma pauperis* on the court's form and have an authorized official provide current information regarding Plaintiff's trust fund account, including a copy of his trust fund account. Plaintiff must also write the case number in the space provided for it. Failure to complete the required form fully or otherwise comply with this order are grounds for dismissal of the suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

JJD

## STATEMENT

Effective April 26, 1996, the PLRA significantly changed the procedures in prisoner litigation brought without prepayment of the filing fee.

**The PLRA requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed**. The Court must assess an initial partial filing fee on all inmates who bring suit in an amount that is 20% of the greater of:

(A) the average monthly deposits in the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal. 28 U.S.C. § 1915(b)(1).

The Court will authorize prison officials to deduct the initial filing fee payment directly from Plaintiff's trust fund account. Thereafter, correctional authorities having custody of Plaintiff will have authority (and are required) to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the Court to make the necessary initial assessment of the filing fee, **Plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."** 28 U.S.C. § 1915(a)(2). If Plaintiff wishes to proceed with this case *in forma pauperis* he must file an *in forma pauperis* application on the form required by the rules of this court together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the immediately preceding six-month period.

Accordingly, the Court denies Plaintiff's motion for leave to file *in forma pauperis* without prejudice to reconsideration should he renew his motion in compliance with this order within 30 days of the date of this order. If Plaintiff takes no action by that date, the Court will dismiss this action without prejudice.